**IT IS ORDERED**

**Date Entered on Docket: March 30, 2023**



_____
**The Honorable David T. Thuma
United States Bankruptcy Judge**

---

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW MEXICO

IN RE:

Sally Ann Perez,
     Debtor                                    Case No. 22-10928-tr13

### STIPULATED ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT OF PROPERTY

This matter came before the court on the stipulation of relief from the automatic stay and abandonment, between the Creditor Nationstar Mortgage LLC ("Creditor"), and the Debtor Sally Ann Perez ("Debtor"), by and through their respective attorneys of record, and the Chapter 7 trustee.

The Court, having reviewed the agreement as expressed in this Stipulated Order and being otherwise sufficiently informed, FINDS:

(a) The Court has jurisdiction over the parties and the subject matter of this Stipulated Order.

(b) On March 8, 2023, Creditor served the Motion for Relief from Stay and Abandonment of Property ("Motion") (Doc. 42) and Notice of Objection to the Motion (Doc. 43) on Wesley O Pool, counsel for the Debtor and the case trustee ("Trustee") by use of the Court's case management and electronic filing system for the transmission of

File No. NM-22-172321
Stipulated Order for Relief from the Automatic Stay, Case No. 22-10928-tr13
Case 22-10928-t13    Doc 52    Filed 03/30/23    Entered 03/30/23 15:10:34 Page 1 of 3

notices, as authorized by Fed.R.Civ.P. 5(b)(3), and NM LBR 9036-1, and on the Debtor by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

 (c) The Motion relates to the following property:

  SURFACE AND SURFACE ESTATE ONLY IN AND TO: LOT THIRTEEN (13) OF THE HIGHLAND PARK SUBDIVISION OF BLOCK TWENTY-FIVE (25) OF THE LEACH TOWNSITE, CITY OF PORTALES, ROOSEVELT COUNTY, NEW MEXICO

  Commonly known as 923 W 17th St, Portales, NM 88130 ("Property").

 (d) The parties wish to stipulate to the stay relief, as provided in this Stipulated Order.

 (e) No notice to other creditors of the stay relief is necessary.

**IT IS THEREFORE ORDERED:**

1. The Motion is hereby granted, and pursuant to 11 U.S.C. §362(d), Creditor and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

 (a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable nonbankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

 (b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Creditor need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as defendants in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Creditor's claim against the estate for any

File No. NM-22-172321
Stipulated Order for Relief from the Automatic Stay, Case No. 22-10928-tr13
Case 22-10928-t13   Doc 52   Filed 03/30/23   Entered 03/30/23 15:10:34 Page 2 of 3

Deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Creditor may filed an amended proof of claim in this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor owes any amount after the sale of the Property.

     5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

     6. This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

     7. This Stipulated Order shall be binding and effective upon any conversion of this case to another chapter under the Bankruptcy Code.

### End of Order ###

RESPECTFULLY SUBMITTED AND AGREED TO BY:

McCarthy & Holthus, LLP

By  /s/ Jason Bousliman
Jason Bousliman, Esq.
Attorney for Creditor
6501 Eagle Rock NE, Suite A-3
Albuquerque, NM 87113
(505) 219-4900
jbousliman@mccarthyholthus.com

AGREED TO BY:

By  /s/ Wesley O'Pool
Attorney for Debtor
Wesley O Pool
201 Innsdale Terrace
Clovis, NM 88101

By  /s/ Tiffany M. Cornejo
Trustee
Tiffany M. Cornejo
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102

File No. NM-22-172321
Stipulated Order for Relief from the Automatic Stay, Case No. 22-10928-tr13
Case 22-10928-t13    Doc 52    Filed 03/30/23    Entered 03/30/23 15:10:34 Page 3 of 3